EVANS MAYO V. STATE

No. 27,190. November 24, 1954

*Baldwin & Votaw,* by *W. J. Baldwin,* Beaumont, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for practicing dentistry without a license. The punishment was fixed at a fine of $1,000 by virtue of two prior convictions for offenses of the same character.

The primary offense charged in the information was that appellant "without first having obtained a license so to do . . . . did then and there on or about the 2nd day of February, 1953, offer and undertake to prescribe for a physical condition of the human gums of one H. F. Walker, by taking an impression of the lower gum of the mouth of the said H. F. Walker and by then and there repairing a partial lower plate of false teeth for the said H. F. Walker and did charge the said H. F. Walker money therefor."

We need discuss only the following:

A bill of exception reflects that after the close of the evidence the trial court prepared his charge to the jury and delivered it to the appellant and his counsel for exceptions and objections.

Appellant's exceptions and objections thereto were overruled and the charge was read to the jury.

After the arguments of counsel for both parties had been concluded, the trial judge, of his own volition, withdrew the charge which had been read to the jury and upon which the arguments had been made, and gave to the jury a new and different charge. The new charge was before the jury during deliberation and the verdict was rendered thereon.

Other than the statement that the changes in the last charge were material and of substance, the record does not reflect the difference in the two charges.

It is apparent that neither the appellant nor his counsel was afforded an opportunity to examine or object to the charge which was given to the jury and upon which the verdict was rendered.

The right of an accused or his counsel to examine and object to the charge of the court before it is read to the jury is the same for a corrected or changed charge, after the change or corrections had been made, as it was in the first instance. Art. 660, C. C. P.

A violation of the mandate of said statute requires a reversal of the conviction.

In view of another trial, attention is called to the fact that this prosecution may not be maintained under Subsection (5) of Sec. 2 of Art. 754a, P. C., as amended at the First Called Session of the 53rd Legislature in 1954, because same was enacted subsequent to the date the offense was alleged to have been committed (February 2, 1953). Subsection 2 of Art. 754a, P. C., as amended at the regular session of the 53rd Legislature in 1953, may not be utilized for the same reason.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.